**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**In re:**

                                          **CASE NO. 04-21130**

**RICHARD CRAM and PAMELA S. CRAM,**

                           **Debtors.**        **DECISION & ORDER**
_____

## BACKGROUND

On March 24, 2004, Richard and Pamela S. Cram (the "Debtors") filed a petition initiating a Chapter 13 case and George M. Reiber, Esq. was appointed as trustee (the "Trustee").

On their Schedule B of Personal Property, the Debtors answered question No. 20 by indicating that they had no "[o]ther contingent and unliquidated claims of [any] nature...."[1]

On April 30, 2004, this Court orally confirmed their Chapter 13 Plan (the "Plan"), and on October 5, 2004 an Order confirming the Plan was entered (the "Confirmation Order").

On June 14, 2005, the Debtors filed an Amendment (the "Amendment") to their Schedule B of Personal Property, which amended the answer to question No. 20 regarding contingent and unliquidated claims, as follows:

---

[1] Question 20 of Schedule B requires a debtor to select "none" or, if applicable, to list the description and location of property concerning "other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each."

**BK. 04-21130**

>Medical malpractice claim against Mark F. Anthony, M.D., Dawn M. Heil, M.D., and Southern Tier Plastic Surgery Associates, P.C., for acts and omissions committed during the period June 19, 2001 through February 18, 2002, in an undetermined amount. Action has been sued out and is pending in New York Supreme Court, County of Chemung under Index No. 2004-1865.[2]

There is no indication on the Court's docket that between June 14, 2005 and April 7, 2008 the Debtors or their attorneys either: (1) notified the Court of the existence of the prepetition medical malpractice claim set forth in the Amendment (the "Malpractice Claim"), which was a Section 541 asset of the estate at the time the Court confirmed their Plan, even though in confirming their Plan pursuant to Section 1325(a) the Court believed that the requirement of Section 1325(a)(4),[3] that the creditors would receive at least as much under the Plan that they would in a Chapter 7 liquidation (the "Best Interests Test") had

---

[2] The Debtors did not amend their Schedule C to claim any proceeds that might be received from the Malpractice Claim as exempt.

[3] Section 1325(a) provides that:

>(a) Except as provided in subsection (b), the court shall confirm a plan if—
>
>>(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date[.]

11 U.S.C. § 1325 (2009).

**Page 2**

been met; or (2) filed a modification of their confirmed Chapter 13 Plan in order to provide that any nonexempt proceeds they might receive from the Malpractice Claim would be paid into the Plan and distributed to creditors in order to meet the Best Interests Test.

On April 7, 2008, in accordance with the procedures for cases filed prior to the 2005 amendments to the Bankruptcy Code, the office of the Trustee submitted an Order Discharging Debtor After Completion of Chapter 13 Plan (the "Discharge Order") in the Debtors' case. The Discharge Order was signed on April 7, 2008 and entered on April 8, 2008.

On May 13, 2008, the Trustee filed an ex-parte Application (the "Application") and proposed Order to Revoke the Debtors' Discharge (the "Revocation Order"). The Application indicated that the Debtors' case should have remained open because of a newly discovered undisclosed prepetition asset. On May 15, 2008, the Court entered the Revocation Order.

On May 22, 2008, the Debtors filed a Motion to Vacate the Revocation Order (the "Motion to Vacate"), which asserted that: (1) Section 1328(e)[4] provided that any request by a party-in-

---

[4] Section 1328(e) provides that:

(e) On request of a party in interest before one year after a discharge under this section is granted, and after notice and a hearing, the court may revoke such discharge only if -

(1) such discharge was obtained by the debtor through fraud; and

interest to revoke a discharge required notice and a hearing, and the Trustee had never notified the Debtors or their attorneys of his Application; (2) in order to revoke a debtor's discharge, the debtor must have obtained the discharge through fraud and the party requesting the revocation must have been unaware of the fraud until after the discharge was granted; and (3) to the extent that the Trustee was asserting that the Debtors' fraud consisted of failing to originally schedule the Malpractice Claim, the Debtors did file the Amendment to include the Malpractice Claim, and the Trustee was aware of the Amendment and the Malpractice Claim prior to the entry of the Discharge Order.

On June 23, 2008, the Trustee interposed a Response to the Motion to Vacate and a Cross Motion (the "Cross Motion"), which asserted that: (1) the Trustee was advised of the Malpractice Claim in May 2005 when he received notice from a personal injury attorney who had commenced a New York State Court action on the Claim; (2) in June 2005, the Trustee notified the Debtors' personal injury attorney and their bankruptcy attorneys that they must notify him of any settlement offers; (3) on April 28, 2008, after the Discharge Order had been entered on April 7, 2008, Southern

---

> (2) the requesting party did not know of such fraud until after such discharge was granted.

11 U.S.C. § 1328 (2009).

**Page 4**

**BK. 04-21130**

Tier Plastic Surgery, a scheduled creditor of the Debtors who was also a defendant in the Malpractice Claim, advised the Trustee that the Claim had been settled on or about February 20, 2008 for $125,000 (the "Settlement"); (4) neither the Debtors, their bankruptcy attorneys nor their personal injury attorney ever notified the Trustee of the Settlement or any prior settlement offers that may have ultimately resulted in the Settlement; (5) the submission of the Discharge Order by the office of the Trustee was an inadvertent clerical error that resulted because the staff member who submitted the Order was unaware of either the originally unscheduled Malpractice Claim or the Trustee's involvement in attempting to administer the Claim on behalf of the Chapter 13 estate; (6) the Court correctly entered the Revocation Order pursuant to Rule 9024 because the Discharge Order had been entered as the result of a clerical error; (7) in view of the Settlement that liquidated the Malpractice Claim, the Debtors' confirmed Plan did not meet the Best Interests Test; and (8) the Court should deny the Motion to Vacate and it should dismiss the Debtors' bankruptcy case.[5]

---

[5] The Cross Motion requested dismissal but did not specifically allege that any of the grounds set forth in Section 1307(c)(1) through (11) provided the "cause" required for the Court to order dismissal.

**Page 5**

**BK. 04-21130**

On June 25, 2008, the Trustee filed a motion, pursuant to Section 1329(a),[6] to modify the Debtors' Plan (the "Motion to Modify"), which asserted that the Plan did not meet the Best Interests Test when it was confirmed because of the undisclosed Malpractice Claim that had now been liquidated, so that the Court should approve a modification of the Plan requiring the Debtors to turnover proceeds from the Settlement to the extent required to pay their unsecured creditors a total dividend of 100% plus 9% interest (the New York State judgment rate), which was the amount that the unsecured creditors would have received in a Chapter 7 liquidation case.

The Debtors failed to interpose Opposition to the Motion to Modify, but the Debtors orally opposed the Motion to Modify at the hearing on July 25, 2008. Upon oral argument, the Motion to Modify was granted and an Order was entered by the Court on July 28, 2008 (the "Modification Order").[7]

---

[6] Section 1329(a) provides, in part, that:

> (a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—

11 U.S.C. § 1329 (2009).

[7] Neither the Trustee in his Cross Motion, nor the Trustee or Debtors' attorney at oral argument, advised the Court of the requirement of Section 1329(a) that the modification must be requested prior to the completion of payments under a confirmed plan.

**Page 6**

**BK. 04-21130**

On December 18, 2008, the Trustee filed a Motion to Convert the Debtors' Chapter 7 Case, pursuant to Section 1307(c)[8] (the "Motion to Convert"), which asserted that: (1) because of the Debtors' bad faith in not turning over the proceeds of the Settlement, as required by the Modification Order, there was sufficient cause for the Debtors' case to be converted to a Chapter 7 case.

Also, on December 18, 2008, the Trustee filed a Motion to Compel the Debtors to turn over the gross proceeds of the Settlement (the "Turnover Motion"), which asserted that the Debtors had failed to turn over the necessary settlement proceeds as required by the Modification Order.

By letter from their attorneys, dated January 23, 2009 (the "Motion to Dismiss"), the Debtors asserted that: (1) they had not in any way acted in bad faith in their Chapter 13 case because they: (a) had amended their schedules to list the Malpractice Claim; (b) were not properly advised of their obligation to turn

---

[8] Section 1307(c) provides that:

(c) Except as provided in subsection (e) [1] of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including [...]

11 U.S.C. § 1307 (2009).

**Page 7**

over the proceeds of the Settlement; and (c) used the approximately $75,000 settlement proceeds to make payments on the Plan ($12,000), pay tuition expenses for their daughter ($30,000) and pay other household expenses and obligations; (2) because they had not acted in bad faith or committed any fraud in their Chapter 13 case, the Trustee's Motions to Convert, for Turnover and to Revoke their Discharge should be denied and their case should be dismissed pursuant to Section 1307(b).[9]

## **DISCUSSION**

The Court makes the following findings, conclusions and determinations, for the reasons set forth herein:

1. The Debtors' Motion to Vacate the Revocation Order is in all respects granted. As correctly asserted by the Debtors, a request to revoke a Chapter 13 discharge pursuant to Section 1328(e) requires notice and a hearing, which the Trustee failed to provide to the Debtors and their attorneys.

---

[9] Section 1307(b) provides that:

> (b) On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.

11 U.S.C. § 1307 (2009).

**BK. 04-21130**

2.  The Trustee's Cross Motion, to the extent that it requested that the Court vacate[10] the Discharge Order pursuant to Rule 9024 and for reasons that the Court might deem just, proper and equitable, is in all respects granted, for the following reasons.  Based upon all of the facts and circumstances presented in this Chapter 13 case, including that the Court in this Decision & Order, pursuant to Section 105(a), is vacating the Confirmation Order, there are sufficient grounds to vacate the Discharge Order pursuant to Rule 9024(b)(6),[11] in the interests of justice.

    There was an inadvertent error that the office of the Trustee made in submitting the Discharge Order before the Trustee had the opportunity to make various applications to the Court to insure that the Debtors' Chapter 13 case was properly administered, given the:  (a) originally undisclosed Malpractice Claim;  (b) resulting improperly entered

---

[10]  Although the Trustee requested revocation, the proper relief in these circumstances under Rule 9024(b), which he asserted was the controlling authority, is to vacate the order.

[11]  Rule 9024(b)(6), Relief from Judgment or Order, provides that:

> (b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (6) any other reason that justifies relief.

F.R.B.P. 9024 (2009).

**Page 9**

**BK. 04-21130**

Confirmation Order; and (3) undisclosed proceeds of the Settlement from the liquidation of the Malpractice Claim during the case, which apparently took place before the payments were fully made under the confirmed Plan.[12]

Furthermore, at the time of confirmation the Plan did not meet the Best Interests Test, and neither the Debtors, nor the Trustee, ever corrected that failure by taking the necessary steps to insure that the Plan was amended to include the proceeds of any recovery on the Malpractice Claim, either before or after the Settlement, thus the Confirmation Order must be vacated, and with no confirmed plan completed, the Debtors are not entitled to a Section 1328 discharge.

3. The Modification Order is hereby vacated in the interests of justice under Rule 9024(b)(6) and pursuant to Section 105(a).[13]

---

[12] The Motion to Dismiss indicated that $12,000 of the Settlement was used to make payments on the Plan.

[13] Section 105(a) provides that:

> (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105 (2009).

**Page 10**

Section 1329(a) does not permit the modification of a plan once the payments under the plan have been made.

4. Having vacated the Modification Order, the Turnover Motion is in all respects denied, as is the Conversion Motion, since the Conversion Motion was based upon non-compliance with the Modification Order that has now been vacated.

5. Pursuant to Section 105(a), the Confirmation Order is hereby vacated. Unlike in Chapter 7 cases, the Court, in confirming a plan in a Chapter 13 case, makes an affirmative determination, as required by Section 1325(a), that, among other things, the plan meets the Best Interests Test.[14] Because of the Debtors' failure to disclose the Malpractice Claim, which was a Section 541 prepetition asset of the estate, either at the time of the oral confirmation of their Plan or when the Confirmation Order was entered, the Plan did not meet the Best Interests Test.

When the Debtors filed the Amendment to include the Malpractice Claim, they, as Debtors, and their bankruptcy attorneys, as officers of the Court, had an affirmative obligation to advise the Court, not simply the Trustee or their creditors, of the undisclosed asset, so that the Court:

---

[14] This Court, in confirming a plan, holds a hearing with the debtor present and reviews the proposed plan and the trustee's written report and recommendation.

**BK. 04-21130**

(a) would be aware that its confirmation of the Plan was improper and its Confirmation Order incorrectly entered; and (b) could insure that the Confirmation Order was vacated or a proper modification to the Plan filed to include any recovery on the Claim.[15]

For these reasons, and in order to carry out the provisions of the Bankruptcy Code, and to insure the integrity of this Court and the Bankruptcy System, the Court must, and hereby does, pursuant to Section 105(a), vacate the Confirmation Order.

The Court is not revoking the Confirmation Order pursuant to Section 1330(a)[16] based upon fraud.

6. The Cross Motion,[17] to the extent that it requested that the Chapter 13 case be dismissed, and the Motion to Dismiss are

---

[15] The facts and circumstances of this case could not make it more clear that only notifying the Trustee and the creditors is insufficient.

[16] Section 1330(a) provides that:

> (a) On request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation under section 1325 of this title, and after notice and a hearing, the court may revoke such order if such order was procured by fraud.

11 U.S.C. § 1330 (2009).

[17] Before making the Motion to Modify and incorrectly obtaining the Modification Order, the Trustee requested revocation of the Discharge Order and dismissal. In addition, although the Trustee opposed the Motion to Dismiss in the Trustee's answering brief dated February 26, 2009, the Trustee's opposition to the Motion to Dismiss was the Debtors' non-compliance with the Modification Order, which has now been vacated. Therefore, it is not necessary for the Court to decide any of the good faith issues raised by the Trustee and the Debtors.

**Page 12**

**BK. 04-21130**

both granted in all respects, effective July 6, 2009, unless prior to that date the Debtors: (a) pay to the Trustee the amount necessary for the Trustee to make a distribution to their unsecured creditors of 100% plus 9%; or (b) otherwise make arrangements with the Trustee for the payment of the necessary amount within a reasonable period of time that is acceptable to the Trustee and the Trustee files with the Court the details of such an acceptable arrangement.[18]

Should the dismissal become effective, the Debtors' creditors shall be clearly notified by the Dismissal Order that the Debtors have not received a discharge, and that they should immediately take whatever steps they deem necessary and appropriate to protect their respective interests.

**IT IS SO ORDERED.**

>       /s/
> **HON. JOHN C. NINFO, II**
> **U.S. BANKRUPTCY JUDGE**

**Dated: June 3, 2009**

---

[18] If and when the creditors are so paid in full, the Court will grant the Debtors a discharge.

**Page 13**